MAURICE M. CONVERSE, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 27212.)

Court of Claims, April 16, 1943.

*Nathaniel L. Goldstein, Attorney-General (Harold S. Coyne* of counsel), for defendant.

*William L. Clay* for claimant.

RYAN, J. On December 13, 1941, claimant filed his notice of intention to file a claim against the State of New York for damages sustained while he was an employee of the State Highway Department at Pittsford, N. Y. " from sometime during the year 1925 until October 26, 1941 ", during which time he worked in the brake-lining department of the garage there maintained by the said State Department. The notice of intention alleged that the State of New York so operated said place of employment as to violate the provisions of the Labor Law and the rules of the Industrial Board " relating to the removal of dust, gases, fumes and vapors and that because of said viola-

tion, large quantities of dust, gases, fumes, vapors and impurities were created, generated and released and were not removed from the atmosphere of the workroom in which the claimant worked '' and that he breathed them and because of such inhalation '' sustained serious and severe injuries to his health including asbestosis and injuries to his respiratory and cardiac system and was otherwise injured.''

On May 21, 1942, claimant filed his claim. This pleading likewise charges the State with the violation of a statutory duty in respect to 1) failing to equip its machinery with exhaust fans, 2) failing to provide claimant with special guards or clothing to be worn upon the person, 3) failing to provide safe and sanitary conditions in the place of employment and 4) failing to provide proper and sufficient means of ventilation therein. It is alleged that '' on account of such violation, this plaintiff sustained injuries to his health and aggravation thereof, and that said injuries flowed directly from and as a natural consequence of the said acts of the defendant * * * and were not accidental in nature and were not such injuries or diseases as were at the time of the happening thereof within the purview of the Workmen's Compensation Act of the State of New York.'' It is further alleged '' that the injuries complained of are permanent and incurable in their nature and constitute and consist of a permanent impairment of working ability but do not constitute total disability, but * * * only permanent partial disability * * * that the claimant herein has a right to maintain this proceeding in that he being but partially disabled and being afforded no remedy under Article 4-A of the Workmen's Compensation Law to receive compensation before the Workmen's Compensation Bureau is entitled to maintain an action therefor.''

The Attorney-General now moves to dismiss claimant's claim on the ground 1) that this court lacks jurisdiction of the subject matter of the action, 2) that the action was not commenced within the time limited therefor and 3) that the sole remedy of the claimant is under the Workmen's Compensation Law.

It is the Attorney-General's theory that claimant's disability is covered by article 4-A of the Workmen's Compensation Law which he refers to as '' the occupational disease amendment '' to that statute. This article is entitled ''Silicosis, And Other Dust Diseases ''. But nowhere in claimant's claim does he specify silicosis or any other dust disease. True the notice of intention does refer to '' dust '' and to '' asbestosis '' but it also lists '' gases, fumes, vapors and impurities '' as causal agents

of injuries to claimant's respiratory and cardiac systems. If we should read the allegations of the notice of intention along with those of the claim proper, the language of the pleadings is still sufficiently broad in scope to permit proof to be offered that claimant inhaled noxious fumes and vapors and to admit medical testimony as to the effect of those upon the organs of claimant's body.

We believe that claimant should not be deprived of his day in court by the authority of *Del Busto* v. *Dupont de Nemours & Co.* (259 App. Div. 1070), because that case was argued and briefed on the assumption that it involved a silicosis or dust disease; nor by the authority of *Scherini* v. *Titanium Alloy Co.* (286 N. Y. 531), because in that case there was nowhere an allegation that plaintiff had been disabled partially or totally and the Court of Appeals did not pass upon the validity of the provisions of article 4-A. If, as suggested by the Attorney-General, the Appellate Division, Fourth Department, in *Schwartz* v. *Bausch and Lomb Optical Co.* (263 App. Div. 1065) recently passed upon the constitutionality of article 4-A, it must be remembered that the memorandum decision in that citation refers to the suit as a " silicosis action ".

In asserting that claimant's action was not commenced within the time limited therefor the Attorney-General first invokes the ninety-day limitation set out in chapter 548 of the Laws of 1940, in effect April 16, 1940, which amended section 66 of the Workmen's Compensation Law. If that limitation applied it would bar claims not filed by July 15, 1940. Secondly, the Attorney-General argues that since claimant's theory is that his cause of action is one for the violation of a statutory duty the limitation thereon is six years and that such limitation ran and expired on August 31, 1941, because on September 1, 1935, silicosis became compensable. In both arguments the premise is that claimant is suffering from silicosis or other dust disease. But upon the trial claimant may establish other or different injuries and, if he does, the Statutes of Limitation invoked would not apply.

According to his notice of intention claimant's employment terminated October 26, 1941. According to the State's records, asserted in the Attorney-General's brief, it terminated October 30, 1941. Taking either date, the filing of notice of intention on December 13, 1941, is well within the requirements of section 10 of the Court of Claims Act (L. 1939, ch. 860).

The motion is denied.

Submit order accordingly.